UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAVON FORD,

                      Plaintiff,

v.                                                                           9:19-CV-0472
                                                                         (BKS/ML)

FOULER, N.Y.S. DOCCS Deputy or
Assistant Deputy Superintendent for Mental
Health, Auburn Correctional Facility, also
known as Fowler,

                      Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

Kavon Ford
  *Pro Se* Plaintiff
50 Riverdale Ave, Suite 15-J
Yonkers, New York 10701

LETITIA A. JAMES                                 KONSTANDINOS LERIS, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

       Currently before the Court, in this civil rights action filed by Kavon Ford ("Plaintiff") against Fouler, N.Y.S. DOCCS Deputy or Assistant Deputy Superintendent for Mental Health, Auburn Correctional Facility, also known as Fowler ("Defendant"), is Defendant's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 37 and 41, or, in the alternative, motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 34.) For the

reasons set forth below, I recommend that Defendant's motion to dismiss for failure to prosecute be granted.

I.     **RELEVANT BACKGROUND**

On April 23, 2019, Plaintiff commenced this action by the filing of a Complaint, accompanied by a motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2, 3.) At that time, Plaintiff was confined to Southport Correctional Facility ("Southport"), located in Pine City, New York. (Dkt. No. 1.)

On May 6, 2019, United States District Judge Brenda K. Sannes issued a decision and order denying Plaintiff's motion for permission to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(g) because Plaintiff had three "strikes" and was not entitled to the "imminent danger" exception. (Dkt. No. 4.) On October 4, 2019, by certified order of the United States Court of Appeals for the Second Circuit, Judge Sannes' order of May 6, 2019, was vacated and the matter was remanded for further proceedings. (Dkt. No. 8.)

On December 12, 2019, Judge Sannes issued a decision and order granting Plaintiff's motion for permission to proceed without the prepayment of fees, dismissing several claims, and ordering that Plaintiff's claims against Defendant pursuant to the Eighth Amendment survived *sua sponte* review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). (Dkt. No. 11.)

On August 19, 2020, Defendant filed a letter motion requesting permission to file a motion to dismiss for failure to prosecute because Plaintiff failed to appear for his scheduled deposition on August 19, 2020. (Dkt. No. 26.)

The Court held an on the record telephone conference on September 4, 2020. (Minute Entry dated 9/4/2020.) At the telephone conference, Defendant advised that Plaintiff had failed (1) engage in the discovery process, (2) provide Defendant with required disclosures and

2

discovery materials, and (3) appear for his scheduled deposition on August 19, 2020. (*Id.*) The Court cautioned Plaintiff that continued refusal to engage in discovery, including failure to appear at a re-scheduled deposition, may result in the imposition of sanctions against him including dismissal of the case. (*Id.*) As a result of Plaintiff's assurances at the telephone conference that he would appear at a re-scheduled deposition, the Court denied without prejudice Defendant's motion for permission to file a motion to dismiss for failure to prosecute. (Dkt. No. 28.)

On September 28, 2020, the Court held an on the record telephone conference. (Minute Entry dated 9/28/2020.) At the telephone conference, Defendant reported that Plaintiff had continued to refuse to engage in the discovery process. (*Id.*) In addition, Plaintiff advised the Court that he would likely not appear for the re-scheduled deposition on October 27, 2020. (*Id.*) Plaintiff was again cautioned that failure to appear for his re-scheduled deposition may result in the imposition of sanctions against him, including dismissal of the case. (*Id.*) In addition, the Court issued a text order directing Plaintiff to appear for his re-scheduled deposition and advising him "that failure to appear for his re-scheduled deposition could result in sanctions being imposed pursuant to Fed. R. Civ. P. 37, including dismissal of the case." (Dkt. No. 30.)

On October 28, 2020, the Court held an on the record telephone conference. (Minute Entry dated 10/28/2020.) Plaintiff failed to join the telephone conference. (*Id.*) Defendant reported that Plaintiff continued to refuse to engage in the discovery process and failed to appear for his re-scheduled deposition. (*Id.*)

On November 17, 2020, Defendant filed the current motion. (Dkt. No. 34.) A response to Defendant's motion was due by December 22, 2020. (Notice of Hearing dated 11/17/2020.)

On January 6, 2021, in light of Plaintiff's status as a *pro se* litigant, the Court *sua sponte* extended the time for Plaintiff to respond to Defendant's motion. (Dkt. No. 35.)

On February 11, 2021, Defendant filed a letter motion requesting an extension of time to submit a reply and attaching a response to Defendant's motion that Plaintiff purportedly e-mailed directly to Defendant's counsel but did not file with the Court. (Dkt. No. 36.) On February 25, 2021, Defendant timely filed a reply. (Dkt. No. 41.)

On February 25, 2021, the Court issued a text order directing Plaintiff to, on or before March 18, 20201, file a status report regarding his response to Defendant's motion to dismiss, wherein, he would "explicitly indicate whether he seeks to have the Court consider Dkt. No. 36, Attach. 1, as opposition to Defendant's pending motion." (Dkt. No. 42.) Plaintiff was again cautioned that failure to comply with the text order may result in sanctions pursuant to Fed. R. Civ. P. 37, including dismissal of the case. (*Id*.) To date, Plaintiff has failed to respond to the Court's order. (*See generally* docket sheet.)

On March 22, 2021, the Court scheduled a hearing regarding Defendant's motion (Dkt. No. 34) and again cautioned Plaintiff that "**FAILURE TO APPEAR MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37, INCLUDING DISMISSAL OF THE CASE.**" (Dkt. No. 45.)

On March 29, 2021, the Court held an on the record telephone conference, that Plaintiff failed to join. (Minute Entry dated 3/29/2021.) Defendant reported that Plaintiff continued to fail to engage in the discovery process and twice failed to appear for his scheduled deposition. (*Id*.)

4

## II.     GOVERNING LEGAL STANDARD

The failure of a party to appear for a properly noticed deposition implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Among those available sanctions is dismissal of an action, in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. In addition, Rule 37(d) permits a court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.) ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition."), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.).

The most severe sanctions permitted by Rule 37 of a disobedient party are dismissal of his claims or the entry of default; those sanctions should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc. ("SNET")*, 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised on the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

5

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted).  District courts have "wide discretion in imposing sanctions under [R]ule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

In addition to Rule 37, Defendant's motion invokes Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)) (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'").

A determination of whether to dismiss an action pursuant to Rule 41(b)[1] involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings;

---

[1] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'"  *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise the authority under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

(4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying these factors in an action for failure to prosecute); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying these factors where a party failed to comply with an order of the court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

### III. ANALYSIS

After carefully evaluating the relevant controlling factors pursuant to Fed. R. Civ. P. 37, I find that they weigh in favor of dismissal of this case.

In the Court's mandatory pre-trial discovery and scheduling order, Plaintiff was reminded of his obligation to appear for a properly noticed deposition. (Dkt. No. 20 at 5.) That order further provided, in relevant part, "[t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (*Id.*) In addition, Plaintiff was cautioned on September 4, 2020, and September 28, 2020, that his failure to appear for his re-scheduled deposition on October 27, 2020, could result in sanctions, including dismissal of the case. (Dkt. No. 28; Dkt. No. 30.)

In this instance, there is no question that Plaintiff received the notice requiring him to appear for a deposition on August 19, 2020 (Dkt. No. 34, Attach. 1 at 14-16), and again for his re-scheduled deposition on October 27, 2020 (Dkt. No. 34, Attach. 1 at 34-36). In fact, at the Court conference on September 28, 2020, Plaintiff confirmed his knowledge of the deposition scheduled for October 27, 2020, and he indicated that "he will likely not appear for the []deposition." (Minute Entry dated 9/28/2020.)

7

Moreover, to date, Plaintiff has not filed a response in opposition to Defendant's motion to dismiss. (*See generally* docket sheet.) As set forth above in Part I. of this Report-Recommendation, Defendant filed a letter requesting an extension of time to reply, which attached, what appears to be, Plaintiff's response, and stating that Plaintiff e-mailed the response to defense counsel. (Dkt. No. 36.) However, the Court directed Plaintiff to file a status report indicating whether the Court should construe Defendant's submission as Plaintiff's response. (Dkt. No. 42.) To date, Plaintiff has failed to respond to the Court's order. (*See generally* docket sheet.)

Even if the Court were to liberally construe Defendant's submission of Plaintiff's purported response as an opposition (Dkt. No. 36, Attach. 1), I do not find Plaintiff's excuse for failing to attend his re-scheduled deposition persuasive. As set forth by Defendant in his reply memorandum of law, when asked why he did not intend to appear for his re-scheduled in-person deposition, Plaintiff failed to advise the Court that he had any concerns with the COVID-19 pandemic. (Dkt. No. 44 at 6-7.) Instead, on September 28, 2020, Plaintiff stated that he had transportation issues that would prevent him from appearing at a deposition in Albany on October 27, 2020. (*Id*. at 7.) When the Court reminded Plaintiff that he had approximately thirty-days to arrange for transportation and provided several transportation suggestions, Plaintiff indicated that he *wanted* to appear in-person for his deposition and would "make the effort one hundred percent" to attend. (*Id*. at 7-10.)

Therefore, it appears clear that (1) Plaintiff has failed to comply with the Court's (a) mandatory pretrial discovery and scheduling order (Dkt. No. 20), (b) Text Order dated September 4, 2020 (Dkt. No. 28), and (c) Text Order dated September 28, 2020 (Dkt. No. 30), (2) he was on notice that his failure to comply could result in dismissal, (3) Defendant is likely to

be prejudiced by further delay in these proceedings, given Plaintiff's failure to attend two noticed depositions, (4) the Court's interest in managing this docket weighs in favor of dismissal, and (5) no sanctions less than dismissal would be appropriate in this instance.

As a result, I recommend that Plaintiff's Complaint in this action be dismissed pursuant to Fed. R. Civ. P. 37.

In the alternative, I recommend that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 41(b). Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to Plaintiff's inaction in sight. Notably, Plaintiff has demonstrated that he is aware of his obligations to engage in the discovery process, having appeared for telephone conferences with the Court on September 4, 2020, and September 28, 2020, during which, he was directed to comply with his discovery obligations and appear for his re-scheduled deposition. (Minute Entry dated 9/4/2020; Dkt. No. 28; Minute Entry dated 9/28/2020; Dkt. No. 30.) Despite Plaintiff's awareness of his responsibilities, he failed to appear for his re-scheduled deposition and, as of March 29, 2021, continued to refuse to engage in the discovery process. (Minute Entry dated 3/29/2021.) Moreover, Plaintiff failed to appear for the Court's scheduled telephone conferences on October 28, 2020, and March 29, 2021. (Minute Entry dated 10/28/2020; Minute Entry dated 3/29/2021.) In addition, the Court notes that it directed Plaintiff to file a status report on or before March 18, 2021, regarding his response to Defendant's motion to dismiss, and again warned Plaintiff that failure to comply could result in sanctions including dismissal of the case. (Dkt. No. 42.) To date, Plaintiff has not responded to the Court's order. (*See generally* docket sheet.)

Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion in the Court's docket and Defendant's interest in defending against

the claims asserted by Plaintiff outweigh Plaintiff's interest in receiving a further opportunity to be heard in this matter. As set forth above in Part I. of this Report-Recommendation, Plaintiff has been provided numerous opportunities to comply with the Court's orders and engage in the discovery process.

As required, I have considered less-dramatic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be futile, given that such an order would, in all likelihood, be ignored by Plaintiff due to his disregard for prior Court orders.

As a result, I recommend that, in the alternative, Defendant's motion to dismiss for failure to prosecute be granted pursuant to Fed. R. Civ. P. 41(b).

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety, pursuant to Fed. R. Civ. P. 37, or, in the alternative, pursuant to Fed. R. Civ. P. 41(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further respectfully

**RECOMMENDED** that Defendant's motion to dismiss for failure to prosecute (Dkt. No. 34) be **GRANTED**; and it is further respectfully

**RECOMMENDED** that Defendant's motion for judgment on the pleadings (Dkt. No. 34) be **DENIED** as moot, and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[2]

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 20, 2021
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge