UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAVON FORD,

                                Plaintiff,                9:19-CV-472 (BKS/ML)

v.

FOULER,

                                Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Kavon Ford
Yonkers, NY 10701

*For Defendant:*
Letitia James
Attorney General of the State of New York
Konstandinos D. Leris
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

      Plaintiff pro se Kavon Ford commenced this civil rights action asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at the Auburn Correctional Facility. (Dkt. No. 1). On November 17, 2020, Defendant filed a motion to dismiss with prejudice under Fed. R. Civ. P. 37(b)(2)(v) and 41(b) for failure to obey the Court's discovery order and failure to prosecute this action and, alternatively, under Fed. R. Civ. P. 12(c) for failure to state a valid cause of action. (Dkt. No. 34). Plaintiff did not file a response to the motion, but instead emailed a response to Defendant. On February 11, 2021, Defendant filed a letter informing the Court about Plaintiff's

email and attaching the response that he had received from Plaintiff. (Dkt. Nos. 36, 36-1). Defendant filed a reply to that response on February 25, 2021. (Dkt. No. 41). This matter was assigned to United States Magistrate Judge Miroslav Lovric who, on February 25, 2021, issued a text order directing Plaintiff to file a status report by March 18, 2021, stating whether Plaintiff sought to have the Court consider the response that he sent to Defendant in an email. (Dkt. No. 42). Magistrate Judge Lovric cautioned Plaintiff "that failure to comply with this text order may result in sanctions pursuant to Fed. R. Civ. P. 37, including dismissal of the case." (*Id.*). Plaintiff did not respond to this text order.

On April 21, 2021, Magistrate Judge Lovric issued a Report and Recommendation, recommending that Defendants' motion to dismiss be granted pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41(b) for failure to prosecute or comply with the Court's orders. (Dkt. No. 46). Magistrate Judge Lovric noted that Plaintiff had failed to appear for his scheduled deposition on August 19, 2020; failed to appear, as directed by the Court, for his re-scheduled deposition on October 27, 2020; failed to join a telephone conference scheduled for October 28, 2020; failed to respond to the Court's February 25, 2021 text order directing Plaintiff to file a status report regarding his response to the Defendant's motion to dismiss; and failed to join a March 29, 2021 telephone conference scheduled by the Court. (Dkt. No. 46, at 3-4). Magistrate Judge Lovric further noted that Plaintiff had repeatedly been warned that the failure to comply with the Court's orders could result in the imposition of sanctions, including the sanction of dismissal. (*Id.*). After considering the applicable factors for the imposition of sanctions under Fed. R. Civ. P. 37(d) and 41(b), including the adequacy of a sanction less dramatic than dismissal, Magistrate Judge Lovric concluded that the sanction of dismissal was warranted. (*Id.* at 10). Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within

which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 46, at 10–11). Plaintiff did not file any objections.

As no objections to the Report and Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report and Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report and Recommendation for clear error, the Court adopts the recommendation that this action be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's orders.

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 46) that this case be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's orders is **ADOPTED**; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED without prejudice**[1] under Fed. R. Civ. P. 41(b) for failure to comply with the Court's orders; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 19, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[1] It appears that the three-year statute of limitations would not preclude refiling of Plaintiff's 42 U.S.C. § 1983 claims. *Ruane v. Cty. of Suffolk*, 923 F. Supp. 2d 454, 458 (E.D.N.Y. 2013)

3